UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES GRAUVOGL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:11-CV-333 |
| | ) |
| MICHAEL ROBY and | ) |
| ROYAL TRUCKING COMPANY | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is Plaintiff, James Grauvogl's, "Objection to Defendants' Notice of Removal and Motion to Remand." [DE 8]. Defendants have filed their response [DE 9] and the Plaintiff chose not to reply. Accordingly, the motion is ripe for review and, for the following reasons, the Plaintiff's Motion will be DENIED.

**BACKGROUND**

Plaintiff originally filed the present personal injury action in the Lake County Circuit Court on May 24, 2011 alleging injury as a result of a collision with a semi tractor trailer owned by Defendant Royal Trucking Company ("Royal") and driven by Defendant Michael Roby ("Roby") (collectively, "the Defendants"). In compliance with Indiana Trial Rule 8(A)(2), the Complaint did not contain a specific request for monetary damages; instead, it alleged negligent, reckless, and willful conduct on the part of the defendants and alleged that plaintiff suffered injuries which "may" become permanent. (Complaint, ¶6). The Complaint also sought damages for incurred medical expenses, economic loss, and "other" damages. (*Id.*). The Complaint did not set out any jurisdictional allegations as to the citizenship or principal place of business of either defendant.

1

In light of the above allegations, the Defendants did not immediately remove the case to federal court. Relying instead on 28 U.S.C. §1446(b) which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by defendant...of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable," the Defendants submitted written discovery to the plaintiffs to ascertain the amount being sought in damages.

On September 8, 2011, Defendants received Plaintiff's Answers to Defendants' Interrogatories and Request for Production. In those responses, Plaintiff indicated that his current medical bills exceeded $66,000 and would continue to increase. In addition, Plaintiff indicated property damage of approximately $14,000. In response to an interrogatory asking him to describe the personal injuries he sustained, the Plaintiff answered:

> Left shoulder/scapular fracture, fractured ribs, injuries to my back, neck, and chest, memory loss, pneumothorax, pleural effusion, hemothorax, lung contusion, headaches, radiating pain/numbness in my arms, behavior change, mood swings, agitation, sleep apnea, traumatic brain injury with loss of consciousness, hypersomnia (excessive sleeping/napping), cognitive difficulties.

Plaintiff further indicated that he suffered psychiatric, psychological and/or emotional injuries as a result of the accident for which he received treatment.

Upon receipt of these responses, Defendants immediately filed their Notice of Removal seeking to invoke the diversity jurisdiction of this court pursuant to 28 U.S.C. §1332. Plaintiff now objects to removal contending that removal is untimely and that the initial pleading was more than sufficient to put Defendants on notice that the case was removable.

## **DISCUSSION**

Federal courts are courts of limited jurisdiction and, therefore, the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938). According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original subject-matter jurisdiction exists in the form of diversity. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990). In the present case, the parties agree that diversity jurisdiction is present. Where the parties agreement ends is with the question of whether the defendants properly removed the case to federal court within the time frame allowable by statute. It is to this question that the court now turns.

A defendant seeking removal under 28 U.S.C. §1441 must file a verified petition for removal "within thirty days after receipt by the defendant of a copy of the initial pleadings setting forth the claim for relief...." or, if a case stated by the initial pleading was not removable at the time of filing, it may be removed within 30 days after the defendant receives an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b). The thirty day period established by section 1446(b) is mandatory and cannot be extended. *See, e.g., Dial–In Inc. v. ARO Corp.,* 620 F.Supp. 27, 29 (N.D.Ill.1985); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill.1974). Moreover, the defendant bears the burden by a preponderance of the evidence of establishing proper removal and that an action meets the minimum amount in controversy required for federal jurisdiction. *Meridian Sec. Ins. Co. v.*

*Sadowski,* 441 F.3d 536, 542 (7th Cir.2006). This burden must be met at the moment of removal. *Chase v. Shop N' Save Warehouse Foods, Inc.,* 110 F.3d 424, 428 (7th Cir.1997).

In support of his motion to remand, Plaintiff argues that the 30-day limit began to run on or around May 26, 2011 when the defendants were served with the Summons and Complaint which, in his estimation, made it reasonably clear that he sought in excess of $75,000 in damages. Since this 30-day limit long expired before the defendants sought removal on September 9, 2011, he argues that any attempt to do so later violates the removal statute.

Defendant's argument in opposition to remand is that the 30-day clock established by § 1446(b) did not begin to run until September 8, 2011, when Defendant claims to have first learned that Plaintiff would be seeking in excess of $75,000 in damages. Before that date, claims Defendant, it had no basis for filing a notice of removal because it was not clear that Plaintiff would be seeking in excess of $75,000 so as to satisfy the amount-in-controversy requirement of federal diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441.

As articulated above, removal based on diversity of citizenship jurisdiction requires establishing the parties' diverse citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Where a defendant seeks to remove a state court case initiated by a complaint that includes an accurate and reliable ad damnum clause, the stated ad damnum is generally controlling for purposes of determining the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938); *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir.2006). Indiana, like many states, however, prohibits the practice of declaring a dollar amount in a complaint seeking monetary damages for personal injury. Specifically, under Indiana law, "in any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar

4

amount or figure shall be included in the demand [for relief]." Ind. Tr. R. 8(A)(2). As a result, the Plaintiff was unable to declare on the face of the complaint itself that he sought in excess of $75,000. Nevertheless, Plaintiff contends that the allegations of possible permanent injury and reckless conduct should have permitted the Defendants to "reasonably and intelligently" conclude that the amount in controversy exceeded the jurisdictional amount. (Motion, ¶7).

In *Tooley v. Washington Group International,* 2009 WL 102926 (C.D.Ill. January 13, 2009), the court was confronted with a nearly identical scenario presented here. In that case, the plaintiff, after being on the wrong end of a crane collapse, specifically alleged injuries in his complaint as a result of the accident that included: "traumatic brain injury, fractured left humerus and thoracic spine fractures, scalp and left scapula lacerations, nondisplaced skull fracture and open fracture of the left index finger...." However, because Illinois law prohibited a plaintiff in a personal injury action from pleading a specific ad damnum clause, the plaintiff pled only that the amount at issue exceeded $50,000. The complaint further alleged that plaintiff:

> has in the past and may in the future expend and become obligated to expend large sums of money for doctor bills, hospital bills and other bills for medical attention in an effort to be relieved of the effects of the various injuries he sustained and he has been hindered and prevented from attending to his usual business affairs with consequent losses and has in the past and may in the future be hindered, hampered and prevented from carrying on ordinary affairs and duties to the same extent and in the same manner as he was able to do prior to the injuries.

The defendant, like the Defendants here, then engaged in discovery to ascertain the damages sought. After learning the damages had already exceeded $250,000, the defendant removed the case. As here, the plaintiff sought remand contending that the nature of the complaint clearly made the case removable within the original thirty days.

After analyzing competing positions within the circuit as to when the 30 day period begins

5

to run, the court ultimately concluded that removal was proper:

> Here, under 28 U.S.C. § 1446(b), "'the case stated by the initial pleading' did not give Defendant adequate notice that the case was removable. After receiving the Complaint on January 10, 2008, Defendant promptly engaged in limited discovery in the underlying state court proceeding to acquire evidence of the amount in controversy. Defendant's March 21, 2008 receipt of Plaintiff's interrogatory responses constituted a receipt of "other paper" by which Defendant was first able to ascertain that the case was removable. This Court agrees ... that Defendant took the correct approach in removing this case.

*Tooley,* 2009 WL 102926, at *5.

In the present case, the Defendants were presented with much less information in the initial pleading than the defendants in *Tooley*. Indeed, the Defendants here were not provided any details as to the type of injuries suffered by Grauvogl as a result of the accident. Rather, they were told that his injuries, whatever they might be, "may" become permanent. And, in *Tooley*, the plaintiffs were specifically chastised for not providing even more information than they did. *See Tooley*, 2009 WL 102926, *5 ("If Plaintiff expected Defendant to make an independent calculation of the value of his claims, the Complaint should have been much more detailed...[the a]llegations ...are, indeed, somewhat detailed when compared to the descriptions of injuries in some other complaints. Nonetheless, these allegations, alone, are not a sufficient basis from which Defendant could have been expected to accurately estimate Plaintiff's medical bills.").

If the laundry list of injuries provided in the complaint by the plaintiff in *Tooley* were insufficient to put the defendants on reasonable notice that the complaint sought more than the jurisdictional threshold, then this case is much more clear cut in favor of Defendants than *Tooley*. Here, Defendants had no notice of the particular injuries, no notice that Grauvogl received psychiatric and/or psychological injuries for which he sought damages, and no notice that Grauvogl had seen 13 physicians as a result of his injuries. All of this was disclosed as a result of the

6

discovery undertaken by the Defendants.

Nevertheless, Grauvogl argues that the allegation of reckless conduct in the Complaint was sufficient, by itself, to permit the Defendants to reasonably conclude that the damages would exceed $75,000. *See Fate v. Buckeye State Mutual Ins. Co.*, 174 F.Supp. 2d 876 (N.D.Ind. 2001). In *Fate,* an insurance contract case, the complaint alleged compensation for breach of contract in an amount equal to the insurance policy limits of $40,000, bad faith, and punitive damages "consistent with Indiana law." Indiana law limited punitive damages to three times compensatory damages or $50,000 whichever was greater. Thus, from the initial pleading, the defendants were on notice that the amount in controversy requirement was met. However, rather than seeking removal based on the initial pleading or filing their notice of removal and seeking limited discovery for the purpose of ascertaining the amount in controversy, the defendant conducted discovery and filed its motion for removal only after receiving discovery responses. Plaintiff sought remand contending that the initial pleading clearly demonstrated that the amount of controversy requirement was met. The undersigned agreed concluding that remand was proper since the defendants were on notice from the initial pleading that the contract amount at issue was $40,000 and, with a punitive damages claim, clearly in excess of $75,000. *Id.*

Here, the circumstances are entirely different than in *Fate*. First, *Fate* was a breach of insurance contract case and, for that reason, Indiana Trial Rule 8(A)(2) did not prohibit the plaintiff from pleading an ad damnum clause as to that claim, as it does a claim for personal injury or punitive damages. Second, Indiana's punitive damages cap put defendants on notice as to what the potential punitive damages could be based upon the compensatory damages sought in the breach of contract action. Under these circumstances, the defendants in *Fate* were clearly on notice of the

7

amount at issue and should have removed the case based on the initial pleading rather than conduct discovery first..

Here, it is true that Paragraph 5 of the Complaint does provide an allegation that Royal "...was negligent, reckless, and willful and wanton in the hiring, supervising, training and retention fo the defendant, Michael Roby." (Complaint, ¶5). However, unlike the facts available to the defendants in *Fate*, the present Complaint offered little in the way of detail to allow the Defendants a reasonable opportunity to assess the nature of the plaintiff's injuries. Under these circumstances, the court concludes that the Defendants' conduct of discovery was warranted to ascertain the amount of damages prior to removal.

In sum, the Court finds that the Defendants properly removed the case within thirty days of receiving an "other paper" that made it clear that the amount of controversy exceeded the jurisdictional amount.[1] Given that the standard for removal as applied to a removing defendant is more exacting than as applied to a plaintiff asserting diversity jurisdiction in the initial pleadings, s*ee Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F.Supp. 1126, 1130 (S.D.Ill.1994), the undersigned fails to see how Defendants could have made a reasonable, good faith conclusion from the initial pleading that the diversity requirements were met absent the conduct of discovery.. Moreover, the defendants promptly filed their notice of removal within a day of receiving discovery responses so the delay occasioned by the conduct of discovery was minimal and did not involve duplicate proceedings in state court. Accordingly, because the Notice of Removal was timely filed within 30 days of receipt of an "other paper" under the removal statute,

---

[1]Plaintiff does not dispute that receipt of discovery responses constitutes an "other paper" for purposes of the removal statute.

the Plaintiff's Motion to Remand is DENIED.[2]

## **CONCLUSION**

Plaintiff's Motion to Remand [DE 8] is DENIED.

Entered: This 25th day of January, 2012.

s/ William C. Lee<br>
United States District Court

---

[2] Because the Plaintiff's Motion to Remand is denied there is no need to address his request for attorneys fees and costs for the filing of the motion. That issue is moot.