# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES GRAUVOGL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-333-WCL-PRC |
| | ) | |
| MICHAEL ROBY and ROYAL | ) | |
| TRUCKING COMPANY, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order to Set Reasonable Fee for Treating Physician Depositions Pursuant to F.R.C.P. 26(b)(4)(C) [DE 19], filed on September 15, 2012. Plaintiff filed a response on October 2, 2012, and Defendants filed a reply on October 4, 2012. In the instant motion, Defendants ask the Court to set a reasonable fee for the depositions of Plaintiff's treating physicians at $500 an hour.

On August 15, 2012, Plaintiff served Defendants with 26(a)(2)(C) disclosures, which included a total of seventeen medical treating experts who would be called to testify regarding Plaintiff's injuries. Defendants are scheduling the depositions of those physicians. Defendants represent that some treating physicians will not schedule a deposition until they are first paid for the deposition at rates that Defendants argue are unreasonable under Federal Rule of Civil Procedure 26(b)(4)(E). The rates are as follows: (1) Dr. Harry Moffitt, Orthopedic Surgeon, Dyer, Indiana - $2,000/hr; (2) Dr. May Lee, Pulmonologist, Munster, Indiana - $1,000/hr; (3) Dr. Sameea Chughtai, Family Practice, Munster, Indiana - $1,000/hr; (4) Dr. Chirag Patel, Internal Medicine, Merrillville, Indiana, $900/hr; and (5) Dr. Linda Laatsch, Rehabilitation and Psychology, Chicago, Illinois- rate unknown.

Federal Rule of Civil Procedure 26(b)(4)(E) provides:

> (E) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:
>> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
>> (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P. 26(b)(4)(E).[1] The rule applies to the testimony of treating physicians. *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734, *1 (N.D. Ill. Aug. 22, 2002).

In the instant motion, Defendants argue generally that the fees requested by these physicians are unreasonable and ask that the Court reduce the fees to $500 an hour. Defendants offer no argument or analysis in support of their contention that the proposed rates are unreasonable or that the rate of $500 an hour is reasonable. Rather, Defendants cite generally to the decision in *Kessler v. United States*, No. 1:03-CV-64, 2005 U.S. Dist. LEXIS 12934 (N.D. Ind. June 28, 2005), which reduced an expert witness' hourly rate for giving a deposition from $1250 to $500 an hour in 2005. In contrast with Defendants in this case, the defendant in *Kessler* offered evidence that the proposed hourly rate was unreasonable, including an affidavit from the Defendant's own expert opining that any fee over $500 an hour was unreasonable. *Id.* at *4. The court in *Kessler* also considered the decisions of other courts that reduced requested hourly rates for testifying medical experts, with those decisions issuing in 2003 ($375), 2001 ($375), 1999 ($450), 1997 ($250), 1994 ($400). *Id.* (citing cases).

Courts consider several factors when determining the reasonableness of fees under Rule 26(b)(4)(E): "(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available

---

[1] In support of their motion, Defendants cited the former version of the rule before the renumbering of the Federal Rules of Civil Procedure with the 2010 amendments, which was Federal Rule of Civil Procedure 26(b)(4)(C).

experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the local cost of living; and (6) any other factor likely to be of assistance in balancing the interests implicated by Rule 26.'" *Kessler*, 2005 U.S. Dist. LEXIS at * 3 (quoting *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001)).

In his response brief, Plaintiff analyzes each of these factors for each of the five treating physicians to conclude that the requested fees are not unreasonable. Plaintiff has attached the curriculum vitae for Dr. Moffitt, Dr. Patel, and Dr. Laatsch. Plaintiff has also attached the Affidavit of Judy Oliver, who has worked as a bookkeeper for Plaintiff's attorneys' law firm, Rubino, Ruman, Crosmer & Polen and its predecessor firm continuously sine 2000. Oliver states that one of her duties is to arrange for payment of expert witness fees charged for giving depositions by physicians treating the firm's clients who are plaintiffs in personal injury actions. She states that most of these physicians practice in the Northwest Indiana and Chicago Metropolitan area. Based on her experience, she states that hourly rates between $900 and $2000 fall within the range typically charged by treating physicians in the region. She includes a list of seven treating physicians in various speciality areas and their hourly deposition rate charged in the last 18 months. The hourly deposition rates for non-video depositions include rates of (1) $850/hour (neurosurgery); (2) $850/1st hour and $300/every 15 minutes thereafter (orthopedic surgery); (3) $900/1st hour and $225/every 15 minutes thereafter (neurology); (4) $900/1st hour and $225 every 15 minutes thereafter (neurology); (5) $1000/hour (orthopedic surgery); (6) $1200/hour (rehabilitation); (7) $1500/1st hour, $375/every 15 minutes thereafter (orthopedic surgery). Several of these treating physicians have different, higher rates for video depositions, ranging from $1,300/1st hour and $325/every 15 minutes thereafter to $2,500/1st hour and $500/every hour thereafter.

3

In reply, Defendants unsuccessfully attempt to discredit Plaintiff's analysis and data. Defendants offer no evidence of what a reasonable hourly fee is for treating physician deposition testimony. Rather, Defendants provide statistics of the median salaries for the various types of Plaintiff's treating physicians in the region that each physician practices. Defendants fail to recognize that physicians charge different rates for providing expert testimony, including expert testimony as treating physicians, than they charge for the provision of medical services.

Based on Oliver's Affidavit, the Court finds that the hourly rates of Dr. Lee, Dr. Chughtai, and Dr. Patel are reasonable. The Court further finds that it cannot determine whether Dr. Laatsch charges a reasonable rate because no rate has been identified. Finally, as to Dr. Moffitt, the Court finds that the rate of $2000/hr for deposition testimony is unreasonably high in light of the hourly rate charged by other orthopedic surgeons in the same geographic area. Accordingly, the Court finds that a reasonable hourly rate for Dr. Moffitt's deposition testimony is $1500/hr. As the Court held in *Kessler*, should Dr. Moffitt insist on receiving a fee of $2000 per hour for sitting for a deposition, Plaintiff, who has not filed a petition to proceed in forma pauperis, must pay the excess.

To the extent Plaintiff argues that Defendants failed to file a certification as required by Federal Rule of Civil Procedure 26(c)(1), the Court finds that rule inapplicable because Defendants have not brought a motion for protective order pursuant to Rule 26(c) in that Defendants are the ones seeking the discovery– they are not seeking protection as the ones from whom discovery is sought. Thus, the certification is not required under Rule 26(c). Thus, the request for attorney fees under Rule 37(a)(5)(B), is similarly denied. However, Plaintiff is correct that Northern District of Indiana Local Rule 37-1 requires that *any* discovery motion be accompanied by a separate certification of a good faith attempt to confer:

> **(a) Certification Required.** A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
> **(1)** the date, time, and place of any conference or attempted conference; and
> **(2)** the names of the parties participating in the conference.
> **(b) Failure to File Certification.** The court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se—if the required certification is not filed.

N.D. Ind. L.R. 37-1. Defendant has not attached any such certification. However, given Plaintiff's firm opposition to the instant motion, the Court finds that denying the motion for failure to include a certification at this juncture would be a waste of judicial resources.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion for Protective Order to Set Reasonable Fee for Treating Physician Depositions Pursuant to F.R.C.P. 26(b)(4)(C) [DE 19].

So ORDERED this 17th day of October, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record